NEW WORLD ENTERTAINMENT, LTD. and Marvel Entertainment Group, Inc., Plaintiffs,

v.

Michael J. CONNOLLY, Secretary of the Commonwealth for the Commonwealth of Massachusetts, Peter Harrington, Director, Massachusetts Securities Division, James Shannon, Attorney General of the Commonwealth of Massachusetts, and Kenner Parker Toys Inc., Defendants.

Civ. A. No. 87–1995–K.

United States District Court, D. Massachusetts.

Aug. 11, 1987.

Thomas Dougherty, Skadden, Arps, Slate, Meagher & Flom, Boston, Mass., for plaintiffs.

John Donovan, Ropes & Gray, Boston, Mass., for defendants.

YOUNG, District Judge.

The renewed motion of the plaintiffs (hereinafter "New World") for a temporary restraining order having been argued by counsel and this session of the Court—exercising its responsibility as emergency judge over the Court's Miscellaneous Business Docket—having considered the parties' arguments, briefs, and affidavits as well as the August 7, 1987 opinion of Mr. Justice Kelly of the Massachusetts Superior Court in the cognate state court action and the tape-recorded record of proceedings on appeal before Madame Justice Dreben, sitting as Single Justice of the Massachusetts Appeals Court, reaches the following conclusions:

1. The doctrine of "law of the case" does not prevent this Court from entertaining the instant motion notwithstanding the prior denial of a temporary restraining order by Judge Keeton. When Judge Keeton made his ruling, the state courts had not acted and any harm was speculative. The sweeping injunction entered by the Massachusetts Superior Court and upheld by the Single Justice of the Massachusetts Appeals Court works a substantial change in the parties' situation and warrants this Court entertaining the instant motion.

2. New World's purported "England Reservation", see *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), is of no moment as New World, as a plaintiff in federal court has not been "shunted" unwillingly into state court proceedings. The instant federal action is alive and well and proceeding apace—albeit not nearly as fast as New World desires. That the cognate state action finds New World as defendant, unable to remove to federal court, and thus forced to raise its federal constitutional claims by way of defense in the courts of the Commonwealth does not implicate the concerns addressed in *England*.

3. There is a reasonable likelihood that Mass.Gen.Laws, ch. 110C, § 3 unconstitu-

tionally violates the Commerce Clause of the United States Constitution as applied to New World by the injunction of the Massachusetts Superior Court. The injunction directly forbids New World from engaging in interstate commerce in the shares of Kenner Parker Toys, Inc. (hereinafter "Kenner") by effectively forbidding the acquisition of such shares from any willing seller in any of the United States. *See Icahn v. Blunt,* 612 F.Supp. 1400 (D.Mo. 1985). It adversely affects interstate commerce by subjecting New World's activities with respect to its stock in Kenner Parker Toys, Inc. to inconsistent state regulation in that Delaware, Kenner's state of incorporation, will permit the New World tender offer while the Massachusetts injunction forbids it contrary to *Brown–Forman Distillers Corp. v. New York State Liquor Auth.,* 476 U.S. 573, 106 S.Ct. 2080, 90 L.Ed.2d 552 (1986); *Edgar v. MITE Corp.,* 457 U.S. 624, 642, 102 S.Ct. 2629, 2640, 73 L.Ed.2d 269 (1982) (plurality opinion of White, J.). Finally, while the present Superior Court injunction is temporary in nature, it issued in aid of a statute that requires New World to suspend its purchases for an entire year. The significant weight of considered authority appears to indicate that this constitutes an impermissibly burdensome indirect regulation on interstate commerce under the balancing test of *Pike v. Bruce Church, Inc.,* 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174 (1970). "*Edgar [v. MITE Corp., supra]* indicates that the constitutionality of the Massachusetts statute presents very serious and substantial questions, leaving its validity very much in doubt." *Agency Rent–A–Car, Inc. v. Connolly,* 686 F.2d 1029, 1040 (1st Cir.1982); *see Newell v. Connolly,* 624 F.Supp. 126 (D.Mass.1985) (Skinner, J.) (same); *Vista Resources Inc. v. Connolly,* Fed.Sec.L.Rep. (CCH) ¶ 98, 627 (D.Mass. March 16, 1982) (McNaught, J.) (enjoining enforcement of statute). Indeed, it appears that, most recently, Judge McNaught was again prepared to enjoin the enforcement of this statute were it not for the fact that the state authorities expressly avowed an intent not to enforce it themselves, thus removing the threat of imminent harm. *Orange Acquisition Co. v. Connolly,* No. 86–3289–Mc (D.Mass. Nov. 14, 1986) (order of McNaught, J.) [Available on WESTLAW, 1986 WL 15862].

4. In this case as well, the state authorities represent that they have no intention of initiating any enforcement proceedings of Mass.Gen.Laws 110C, § 3 themselves and, if the target company or shareholders seek executive action, they say only that they will consider their options. This most significant development has never been communicated to either of the state courts which have considered injunctive relief in the state proceeding. Moreover, it is not at all clear that New World has exhausted the opportunities for review presented within the judicial system of the Commonwealth. Accordingly, there is no occasion here to resolve the discretionary issue of abstention or whether the doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 2d 669 (1971) has been extended by *Pennzoil Co. v. Texaco, Inc.,* — U.S. —, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) to apply in this case. This Court expresses no opinion on these matters.

However, since it appears that an adequate remedy at state law continues to exist for the vindication of the rights New World claims, temporary equitable relief is DENIED at this time.[1]

---

1. The Court also notes that the First Circuit Court of Appeals in *Agency Rent–A–Car, Inc. v. Connolly,* 686 F.2d 1029, 1040 (1st Cir.1982) found review of a claim for preliminary relief inappropriate without a further development of the record detailing with greater clarity the benefits and burdens of the same Massachusetts statute as is in issue in this case.